IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA E. ESPARZA,

       Plaintiff,

vs.                                                                                   No. 2:20-CV-00537-WJ-KRS

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,[1]

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiff, appearing pro se, seeks review of the Commissioner's determination that she is not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. On December 21, 2020, in accordance with 28 U.S.C. § 636(b)(1)(B), (b)(3), this case was referred to United States Magistrate Judge Kevin R. Sweazea to conduct any necessary hearings and to recommend an ultimate disposition. (*See* Doc. 23) (order of reference). Having considered Plaintiff's motion to reverse or remand, erroneously captioned as a "Memorandum Opinion and Order" (Doc. 28), filed March 4, 2021; the Commissioner's response in opposition (Doc. 31), filed May 7, 2021; and Plaintiff's reply (Doc 32), filed May 28, 2021, the undersigned RECOMMENDS that the Court DENY Plaintiff's motion for the reasons set forth below.

### I.  PROCEDURAL BACKGROUND

On June 13, 2017, Plaintiff filed an initial application for disability insurance benefits. (*See* Administrative Record ("AR") at 95-96). Plaintiff alleged that she had become disabled on February 1, 2015, due to migraine headaches, nightmares, anxiety, fear of the dark, and lack of sleep. (*Id.*). Her application was denied at the initial level on April 6, 2018 (*see id.* at 94), and at

---

[1] The Acting Commissioner is substituted as the proper Defendant pursuant to FED. R. CIV. P. 25(d).

the reconsideration level on August 29, 2018 (*see id.* at 113, 142). Plaintiff requested a hearing (*see id.* at 148), which ALJ Jeffrey N. Holappa conducted on May 6, 2019. (*Id.* at 37-93). Plaintiff was represented by counsel and testified at the hearing (*id.* at 42-84), as did a vocational expert (*id.* at 84-91). At the hearing, Plaintiff amended her alleged onset date to June 6, 2017, which was the day that she had stopped working. (*Id.* at 48-49).

On June 14, 2019, the ALJ issued his decision, finding that Plaintiff was not disabled under the relevant sections of the Social Security Act. (*Id.* at 12-24). Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 204-10), and on April 6, 2020, the Appeals Council denied the request for review (*id.* at 1-3), which made the ALJ's decision the final decision of the Commissioner. In declining the request for review, the Appeals Council declined to consider certain additional evidence—specifically, a "Physician's Certification" signed by three providers and dated between September 6 and October 29, 2018, and a police report dated January 4, 2018—as failing to show a reasonable probability that it would change the outcome of the decision. (*See id.* at 2); (*see also id.* at 30-35) (Plaintiff's additional evidence). On June 3, 2020, Plaintiff filed her complaint seeking review of the Commissioner's decision. (Doc. 1).

## II.  LEGAL STANDARDS

### A.  STANDARD OF REVIEW

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016); *see also* 42 U.S.C. § 405(g). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *See, e.g.*, *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Although a court must meticulously review the

entire record, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See, e.g.*, *id.* (quotation omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted); *Langley*, 373 F.3d at 1118 (quotation omitted). Although this threshold is "not high," evidence is not substantial if it is "a mere scintilla," *Biestek*, 139 S. Ct. at 1154 (quotation omitted); "if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118; or if it "constitutes mere conclusion," *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). Thus, the Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262. While an ALJ need not discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence," and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted).

## B. Disability Framework

"Disability," as defined by the Social Security Act, is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The

Social Security Administration ("SSA") has devised a five-step sequential evaluation process to determine disability. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *Wall v. Astrue*, 561 F.3d 1048, 1051-52 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. If a finding of disability or non-disability is directed at any point, the SSA will not proceed through the remaining steps. *Thomas*, 540 U.S. at 24. At the first three steps, the ALJ considers the claimant's current work activity and the severity of his impairment or combination of impairments. *See id.* at 24-25. If no finding is directed after the third step, the Commissioner must determine the claimant's residual functional capacity ("RFC"), or the most that he is able to do despite his limitations. *See* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), 416.920(e), 416.945(a)(1). At step four, the claimant must prove that, based on his RFC, he is unable to perform the work he has done in the past. *See Thomas*, 540 U.S. at 25. At the final step, the burden shifts to the Commissioner to determine whether, considering the claimant's vocational factors, he is capable of performing other jobs existing in significant numbers in the national economy. *See id.*; *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing five-step sequential evaluation process in detail).

### III.  THE ALJ'S DETERMINATION

The ALJ reviewed Plaintiff's claims pursuant to the five-step sequential evaluation process. (AR at 13-14). First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022, and that she had not engaged in substantial gainful activity since her alleged onset date of June 6, 2017. (*Id.* at 14-15). The ALJ then found at step two that Plaintiff suffered from the following severe impairments: migraines, lumbago, posttraumatic stress disorder, major depressive disorder, and anxiety disorder. (*Id.* at 15).

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met the criteria of listed impairments under Appendix 1 of the

SSA's regulations. (*See id.* at 15-17). In doing so, the ALJ found that Plaintiff's impairments did not meet what was then classified as Listing 1.04 because she was intact neurologically with no focal deficits, exhibited no evidence of appropriately confirmed spinal arachnoiditis, and did not suffer from lumbar spinal stenosis resulting in an inability to ambulate effectively. (*Id.* at 15). The ALJ also considered Listings 12.04, 12.06, and 12.15, but he found that Plaintiff's mental impairments did not meet or medically equal the criteria for those Listings because she possessed only moderate limitations in each of the four broad areas of mental functioning and because the evidence failed to establish the presence of "paragraph C" criteria, *i.e.*, mental disorders that are serious and persistent as defined in Appendix 1. (*See id.* at 15-16).

After next reviewing Plaintiff's subjective symptom testimony, the ALJ concluded from Plaintiff's medical evidence of record that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with that record and other evidence. (*See id.* at 17-18). Reviewing Plaintiff's physical impairments, the ALJ cited records from multiple providers and concluded that the objective medical findings suggested that her conditions are not as limiting as she alleges. (*See id.* at 18-19). Reviewing records from various providers concerning her mental impairments, the ALJ concluded that the objective medical evidence established that these impairments were severe and result in work-related restrictions, but he also determined that these impairments were not as limiting as alleged. (*See id.* at 19-20).

In reaching his step-four determinations, the ALJ found that while certain state-agency medical and psychological consultants found that Plaintiff had little to no determinable physical or mental impairment, these opinions held little persuasive value given the evidence of Plaintiff's limitations. (*See id.* at 21). The ALJ found more persuasive the opinion of a psychological consultant who found greater limitations than did her colleagues. (*See id.*) The ALJ also found a

5

consultative examiner's assessment to be somewhat persuasive, if vague and overly reliant on Plaintiff's subjective allegations. (*See id.* at 21-22). The ALJ found opinions from Plaintiff's social worker and a registered nurse to be unpersuasive since they addressed findings reserved to the Commissioner and were not supported by objective medical findings. (*See id.* at 22).

Having reviewed this record and reached these findings, the ALJ determined that Plaintiff possessed an RFC to perform medium work with certain modified exertional and nonexertional restrictions. (*Id.* at 17). After finding that Plaintiff was unable to perform past relevant work, the ALJ moved to step five and concluded that she could perform other jobs in significant numbers in the national economy in light of her RFC. (*See id.* at 22-24). The ALJ therefore concluded that Plaintiff's work was not precluded by her RFC and that she was not disabled. (*Id.* at 24).

## IV.  DISCUSSION

Plaintiff's claims are centered on two purported grounds for relief: that her attorney failed to submit all of her evidence prior to the ALJ's hearing, and more broadly, that the attorney failed to adequately represent her. (*See* Doc. 1 at 3). For the reasons described below, the undersigned concludes that remand is not warranted on either basis and that Plaintiff has not otherwise shown that the ALJ's decision suffers from reversible error.

Addressing the broader argument first:

> The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial. If a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney.

*Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006) (citing, *e.g.*, *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988)). This rule plainly applies to appeals of final decisions by the Commissioner, not only because SSA claimants have no Sixth Amendment right to

effective assistance of counsel, but also because the Court's authority to review such decisions is circumscribed by 42 U.S.C. § 405(g):

> [W]hen an appeal is taken from a final decision of the Commissioner, the purpose of judicial review is not to sanction the claimant's attorney for unprofessional conduct, to judge the effectiveness of the claimant's attorney under constitutional standards, or to provide advocacy for a claimant who has received inadequate legal services. The Court's only proper function when reviewing a denial of social security disability benefits is to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.

*Banta v. Chater*, No. CIV-94-1754-A, 1995 WL 864573, at *3 (W.D. Okla. Dec. 1, 1995).

Accordingly, courts throughout the Tenth Circuit and elsewhere have persuasively and unerringly found claims of ineffective assistance to be without merit when raised in the context of a Social Security appeal under § 405(g). *See Winick v. Colvin*, 674 F. App'x 816, 819 (10th Cir. 2017) (summarily disposing of similar argument); *Morries v. Saul*, No. 19-cv-01815 PAB, 2020 WL 7022352, at *6 (D. Colo. Nov. 30, 2020) (citing *Nelson*, 446 F.3d at 1119); *Lucero v. Colvin*, No. 12-cv-01033 LFG, 2013 WL 12329920, at *7 (D.N.M. July 3, 2013); *see also, e.g.*, *Hohman v. Colvin*, No. 14-3229-CV-S-REL-SSA, 2015 WL 4198986, at *18 (W.D. Mo. July 13, 2015) (collecting circuit- and district-court decisions for proposition that "courts have routinely found such an argument meritless on the ground that a Social Security claimant has no Constitutional right to counsel"). The undersigned finds no reason to depart from this consensus in the present case. To the extent that Plaintiff seeks remand on the basis that her attorney was ineffective, such an outcome is unwarranted.

Plaintiff's narrower argument concerns certain additional evidence submitted to the Appeals Council following the ALJ's unfavorable determination. In her complaint, Plaintiff states that this evidence "was never submitted by legal counsel and[/]or discussed at anytime before [her] hearing." (Doc. 1 at 3). This claim effectively amounts to an ineffective-assistance

claim which, as noted above, is not viable with respect to appeals of final decisions by the Commissioner. *See, e.g.*, *Winick*, 674 F. App'x at 819. Inasmuch as Plaintiff couches her claim of error on her attorney's alleged failure to submit evidence prior to the ALJ's hearing, the undersigned recommends against remand on this basis for the reasons discussed above.[2]

In her remand motion, Plaintiff further claims that a "Physician's Certification" document and a police report "[were] not presented to the Social Security Appeals Council" by her attorney. (Doc. 28 at 1).[3] In fact, Plaintiff *did* submit these documents to the Appeals Council, but that body declined to consider the evidence because it "[did] not show a reasonable probability that it would change the outcome of the decision." (*See* AR at 2). Because Plaintiff is pursuing her claims pro se, the undersigned liberally construes her motion as challenging the Appeals Council's rejection of that evidence. *See, e.g.*, *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)) ("[W]e liberally construe [a pro se party's] filings, but we will not act as his advocate.").

"[W]here the Appeals Council rejects new evidence as non-qualifying and the claimant challenges that ruling on judicial review," such an appeal presents a question of law that is reviewed *de novo* by the Court. *See Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011) (emphasis omitted). Under SSA regulations, when evidence is presented for the first time to the Appeals Council, that body will only consider the evidence if it "is new, material, and relates to

---

[2] Even if an ineffective assistance claim were properly before this Court, the undersigned would still recommend against remand on this basis. For the reasons discussed in the following paragraphs, Plaintiff has not shown that there was a reasonable probability that the evidence in question would have changed the outcome of the ALJ's decision. As such, Plaintiff cannot establish that she was prejudiced by her attorney's purportedly ineffective representation. *See generally Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3] Plaintiff's motion also alleges that a third document was not presented to the Appeals Council: a July 23, 2019 "document from the El Paso Pain [Center]," signed by Jessica Aguilar, "diagnos[ing] Chronic Migraine headaches." (Doc. 28 at 1). But the Appeals Council *did* consider that evidence, which was included in a document that was made a part of the record by that body. (*See* AR at 211) (document included with AR Exhibit 13B); (*see also id.* at 4-5) (noting that AR Exhibit 13B was made a part of the record). Thus, Plaintiff's claim that the Appeals Council failed to consider that evidence is without merit.

the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); *see also id.* § 404.970(b) (incorporating subsection (a)(5) criteria into rules for considering additional evidence).[4] The undersigned construes the latter clause as imposing a heightened materiality requirement. *See Hanna v. Kijakazi*, No. 1:20-cv-00132 KRS, 2021 WL 3169203, at *5 (D.N.M. July 27, 2021) (collecting District of New Mexico decisions reaching same conclusion). Because additional evidence cannot be considered if it does not meet these standards, the Tenth Circuit has held in unpublished but persuasive authority that "the Appeals Council's dismissal of the additional evidence's import [under a subsection (a)(5) criterion] indicates that it ultimately found the evidence did not qualify for consideration at all." *Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (unpublished) (noting that the § 404.970(a)(5) criteria amount to "predicate requirements . . . to warrant consideration" of additional evidence).

Having considered the relevant filings and materials *de novo*, the undersigned finds that the Appeals Council properly rejected the 2018 police report (AR at 34-35) as immaterial—that is, as not showing a reasonable probability that consideration of the document would change the outcome of the decision. The police report contains no information concerning Plaintiff's impairments, her functional abilities, or any other matters pertinent to the question of whether she is disabled. Moreover, as the Commissioner notes, the fact of Plaintiff's vehicular accident is a matter of record that was addressed by the ALJ and by multiple medical sources he reviewed.

---

[4] Section 404.970(b) requires that the claimant show not only novelty, materiality, and chronological pertinence, but also that there was "good cause for not informing [SSA] about or submitting the evidence" no later than 5 business days before the ALJ's hearing. *See* 20 C.F.R. § 404.970(b) (citing 20 C.F.R. § 404.935). The undersigned has previously observed that jurists in this District are in disagreement "as to whether a reviewing court should address the recently-enacted good-cause requirement of § 404.970(b) where the Appeals Council did not reject evidence on that basis." *E.g.*, *Marquez v. Saul*, No. 1:20-cv-00110 KRS, 2021 WL 2073510, at *4 n.3 (D.N.M. May 24, 2021) (citations omitted). Because Plaintiff's additional evidence was properly rejected on other grounds, the Court need not resolve that issue in this case.

(*See, e.g.*, *id.* at 18) (discussing Plaintiff's testimony regarding accident); (*id.* at 696) (therapist notes); (*id.* at 795) (psychiatric treatment notes). Therefore, the evidence is cumulative, meaning it is not "new" for present purposes. *See Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (quotation omitted) ("Evidence is new within the meaning of [404.970(b)] if it is not duplicative or cumulative.") (alterations in *Threet*).

The undersigned also concludes that Plaintiff has not shown a reasonable probability that the Physician's Certification, if considered, would change the outcome of the Commissioner's decision. To the extent that the document sets forth the authors' diagnoses of Plaintiff's migraines and depression (*see* AR at 31), such diagnoses are cumulative of conditions previously recognized by those providers (*see, e.g.*, *id.* at 732-867) and already accepted as severe impairments by the ALJ (*see id.* at 15). Moreover, while the practitioners who filled out and signed the Physician's Certification also opined that Plaintiff's conditions limited her functional abilities (*see id.* at 31), the ALJ reviewed the extensive medical evidence of record and concluded that this record as a whole (as well as Plaintiff's own testimony concerning her activities of daily living (*see id.* at 20)) supported a finding of greater functional abilities and fewer functional limitations than are reflected in that document. (*See id.* at 17-22) (citations omitted). Importantly, this review of the record by the ALJ draws extensively on treatment notes from the signatory providers themselves. (*See, e.g.*, *id.* at 16-21) (citing *id.* at 511-12, 577, 582, 584, 588, 628-30, 635-37, 649, 659, 667) (ALJ decision citing evidence from these providers); (*see also id.* at 732-867) (additional records from same providers). Taken together, this means that it is not likely that the ALJ would find that the opinions expressed in the Physician's Certification are consistent with the record as a whole or well-supported by the objective medical evidence from these same providers. This, in turn, means that it is unlikely that the ALJ would

afford more than minimal weight to those opinions. *See* 20 C.F.R. § 404.1520c(b)(2), (c)(1)-(2) (describing supportability and consistency as primary considerations when evaluating medical opinion evidence). Therefore, the undersigned cannot say that it is reasonably probable that the Physician's Certification would have changed the disposition of Plaintiff's disability claim.

Plaintiff argues, apparently in the alternative, that she is otherwise entitled to relief from the Commissioner's decision by operation of Federal Rule of Civil Procedure 60(b). (*See* Doc. 28 at 2-3). This argument is without merit. Without addressing whether a court reviewing a final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) is empowered to order relief under Rule 60(b)(2) based on evidence that is "newly discovered" following that decision, Plaintiff's evidence does not meet these criteria because that evidence was known to her—and indeed, submitted by her to the Appeals Council—before the Commissioner reached her final decision on April 6, 2020. Accordingly, Plaintiff cannot show that this evidence was "newly discovered" for Rule 60(b)(2) purposes or "could not have been discovered in time" to submit it prior to a final decision by the Commissioner. *See* FED. R. CIV. P. 60(b)(2). Though Plaintiff also cites Rule 60(b)(5) and Rule 60(b)(6) in cursory fashion (*see* Doc. 28 at 2), she does not elaborate on how those provisions could apply to her case, and the Court cannot make this argument for her. *See, e.g.*, *James*, 724 F.3d at 1315 (citation omitted).

Finally, neither Plaintiff's complaint nor the instant motion challenges the ALJ's findings on substantial-evidence grounds. (*Cf.* Doc. 1 at 3) (only addressing legal representation and evidentiary submission). To the extent that her complaint or motion could be construed as raising such a challenge, the foregoing review of the ALJ's decision establishes no grounds to believe that it was unsupported by substantial evidence. Although Plaintiff argues in her reply brief that there is evidence to support her claim of disability (*see* Doc. 32 at 2-4), there is also more than a

"mere scintilla" of evidence supporting the ALJ's decision, which is all that substantial-evidence review requires. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). Likewise, Plaintiff has failed to show that the ALJ failed to follow controlling legal standards in reaching his decision. Thus, the undersigned finds no grounds to support remand in this case.

To summarize, Plaintiff cannot state a viable ineffective-assistance claim in this action. Liberally construing Plaintiff's claims as challenging the Appeals Council's rejection of her additional evidence, those claims are without merit. Plaintiff also has not shown that the ALJ failed to follow controlling legal standards or that his decision was unsupported by substantial evidence. For all of these reasons, the undersigned recommends that Plaintiff's motion be denied.

## V.  CONCLUSION

**IT IS, THEREFORE, RECOMMENDED** that the Court **DENY** Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 28).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension of time must be filed in writing no later than seven (7) days from the date of this filing. A party must file any objections with the Clerk of the District Court within the fourteen (14) day period, together with any period for which an order is entered granting an extension of time, if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE**